UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23770-CIV-SEITZ/SIMONTON

JUDITH FORTH,

    Plaintiff,

vs.

CARNIVAL CORPORATION, *et al.*,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant Lisandra S.A's Motion to Dismiss [DE-19] for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). This case arises from personal injuries which Plaintiff Judith Forth suffered during an excursion in Cozumel, Mexico while onboard a catamaran owned and operated by Lisandra. Lisandra, a Mexican entity, moves to dismiss on the grounds that Plaintiff failed to provide service of process through Mexico's Central Authority as required by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Plaintiff responds that the Hague Convention allows service of process by mail unless a signatory to the treaty objects, and argues that Mexico has not objected. The Court has reviewed the motion, Plaintiff's response [DE-21] and Defendant's reply [DE-22]. Because the Court concludes that Mexico has objected to service of process by mail, service on Lisandra was insufficient and the Complaint is dismissed as to this Defendant.

**I.**      **Background**

The facts set forth below are taken from the Complaint unless otherwise noted. Plaintiff was a passenger aboard the *Liberty*, a cruise ship owned and operated by Defendant Carnival Corporation. On or about November 21, 2011, Plaintiff participated in a cruise excursion consisting of a ride on a sailing catamaran to a snorkeling area and private beach. At some point during the excursion, while the catamaran was still moving, Plaintiff was asked to move forward toward a stairwell. Plaintiff alleges that

as she stood in front of the stairwell the catamaran moved abruptly, causing her to fall down the stairwell.

Plaintiff attempted to serve process on Defendant by: (1) serving the Florida Secretary of State as Lisandras's agent pursuant to Fla. Stat. § 48.481 [*see* DE-4]; (2) sending Lisandra a copy of the Complaint and Summons via registered mail [*see* DE 20-1]; and (3) having the Clerk of Court for the Southern District of Florida issue and send a Notice of International Service, along with a copy of the Complaint and Summons, to Lisandra via Federal Express [*see* DE 20-2].

## II.   Analysis

Lisandra argues that Plaintiff's service of process was insufficient under Federal Rule of Civil Procedure 4 and thus, that the Court does not have personal jurisdiction over it. Plaintiff bears the burden of establishing proper service. *Jenkins v. Deutsche Bank Nat'l Trust Co.*, Case No. 07–22463, 2009 U.S. Dist. LEXIS 129921, *29 (S.D. Fla. Sept. 4, 2009). Furthermore, "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Lisandra was served via United States registered mail and Federal Express in Cozumel, Mexico. Because it was served in Mexico, service had to be made in accordance with Federal Rule of Civil Procedure 4(f), which governs service of individuals in a foreign country. That Rule states, in pertinent part:

> Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

Fed.R.Civ.P. 4(f)(1). If there is no internationally agreed means, or if an international agreement allows but does not specify other means, Rule 4(f) provides other methods of service that are reasonably calculated to give notice. *See* Fed.R.Civ.P. 4(f) (2), (3).

In this instance, there is an "internationally agreed means of service," within the meaning of Rule 4(f)(1). Both Mexico and the United States are signatories to the Hague Convention. The Supreme Court has held that "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Article I of the Hague Convention provides that it "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, *1 (emphasis added).

Article 10(a) of the Hague Convention permits service by mail unless a signatory country "has objected to this method." *TracFone Wireless, Inc. v. Pak China Group Co. Ltd.*, 843 F. Supp. 2d 1284, 1292 (S.D. Fla. 2012). Plaintiff contends that Mexico has not objected to service by mail because it is not listed as such on the U.S. Department of State website. *See* Pl.'s Resp., at 4. However, *Mitchell v. Volkswagen Group of America, Inc.*, 753 F. Supp. 2d 1264, 1271 (N.D. Ga. 2010), held that the only form of service available in Mexico under the Hague Convention is through the Mexican Central Authority. Although the *Mitchell* court recognized a split of authority among federal courts on the issue of whether Mexico had formally objected to mail service, it concluded – based on a review of the original Spanish text of Mexico's Article 10(a) declarations – that Mexico had stated that service via postal channels pursuant to the Hague Convention is not permitted. *Id.*, at 1270-71;[1] *see also Opella v. Rullan*, 2011 WL 2600707, *5 (S.D. Fla., June 29, 2011) ("The only form of service available in Mexico under the Hague Service Convention is through the Central Authority.").

The Court agrees with the conclusion in *Mitchell*. Because Plaintiff used postal channels rather than the Mexican Central Authority, the service on Lisandra did not meet the requirements of the Hague

---

[1] As noted in the *Mitchell* decision, the misunderstanding over Mexico's position regarding Article 10(a) is based on an erroneous translation of Mexico's declarations. The original statement in Spanish provides as follows: "En relación con el artículo 10, los Estados Unidos Mexicanos no reconocen la facultad de remitir directamente los documentos judiciales a las personas que se encuentren en su territorio conforme a los procedimientos previstos en los incisos a), b) y c)." *Id.*, at 1271, n. 2.

Convention for service on a Mexican entity. Therefore, under *Schlunk*, Plaintiff's service of process is insufficient for the Court to exercise personal jurisdiction over Lisandra.

Further, Plaintiff's third method of service, through the Florida Secretary of State pursuant to Federal Rule 4(e)(2)(C) and Fla. Stat. § 48.181, is also insufficient. "Under Florida law, to serve a foreign corporation that is alleged to be doing business within the State of Florida, a plaintiff must serve the summons and complaint on the Florida Secretary of State *and* on the foreign corporation at its overseas offices." *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1356 (S.D.Fla. 2005) (emphasis supplied). As set forth above, Plaintiff's service of process to Lisandra in Mexico did not comply with the Hague Convention, and was therefore invalid. This Court lacks personal jurisdiction over Lisandra. Accordingly, it is

ORDERED THAT

1) Defendant Lisandra S.A.'s Motion to Dismiss [DE-19] is GRANTED.

2) Defendant Lisandra S.A. is DISMISSED from this action for lack of personal jurisdiction.

DONE AND ORDERED in Miami, Florida, this 30 day of April, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
All Counsel of Record