UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23770-SEITZ

JUDITH FORTH,

    Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION PERTAINING TO CHOICE OF LAW

THIS MATTER is before the Court on Defendant's Motion Pertaining to Choice of Law [DE-80], in which Defendant Lisandra S.A. operated by Fury de Mexico S.A. de C.V./Fury Catamarans Cozumel (Fury) seeks to have the Court declare that Plaintiff's claims against it are governed by Mexican law. Plaintiff maintains that her claims against Fury are governed by federal maritime law. Plaintiff was injured while aboard a Mexican registered catamaran, operated by Fury, a Mexican corporation, when the catamaran suddenly lurched and she fell down a flight of stairs. Plaintiff boarded the catamaran in Mexico and the accident occurred off the coast of Mexico in Mexican waters. Based on these and other facts, Fury maintains that Mexican law applies to the claims against it. Fury, however, has failed to meet its burden to establish that an actual conflict of law exists because it has not established the content of the applicable Mexican law. Therefore, the Motion is denied.

**Facts**

Plaintiff was a passenger onboard Defendant Carnival Corporation's (Carnival) ship the *Carnival Liberty*. On November 21, 2011, Plaintiff participated in a shore excursion, operated by Fury, known as the Deluxe Sail, Snorkel & Beach Party in Cozumel, Mexico. The excursion started and ended in Mexico. While onboard a catamaran, as part of the excursion, Plaintiff was instructed

to move toward a stairwell. While she was standing near the open stairwell, the catamaran moved abruptly and Plaintiff fell down the stairs, causing Plaintiff injury. Plaintiff's complaint alleges five claims: (1) negligence against Carnival; (2) negligence against Fury; (3) apparent agency or agency by estoppel against Carnival; (4) joint venture between Carnival and Fury; and (5) third party beneficiary of the contract between Carnival and Fury.

**Discussion**

Fury maintains that Mexican law applies to Plaintiff's claims against it. While providing no actual law, Fury contends that a conflict exists between Mexican law and the law of Florida and/or admiralty law with respect to the type and amount of damages Plaintiff can recover for her injuries and with respect to one of Fury's defenses. In her response, Plaintiff does not directly address the issue of whether an actual conflict exists. Instead, Plaintiff simply maintains that federal admiralty law is the appropriate law to apply in this case because the Court has admiralty jurisdiction.[1]

Before beginning a conflict of law analysis, a court should first determine whether a conflict of laws truly exists. *Gevaerts v. TD Bank, N.A.*, 56 F. Supp. 2d 1335, 1338 (S.D. Fla. 2014). In order to do that in the instant case, the Court needs to know the applicable Mexican law. The burden is on the party claiming a conflict of laws to provide the Court with the actual law and legal authority that applies, particularly when foreign law is involved. Fury has not provided such to the Court. To establish the existence of the conflict, Fury has cited to three provisions of the Mexican federal Civil Code.[2] Fury has not, however, provided the Court with the actual text of the law or

---

[1] Plaintiff appears to confuse jurisdictional and conflict-of-laws issues. Just because a court has admiralty jurisdiction does not mean that a conflict of law cannot exist. As Fury points out in its papers, there are choice-of-law rules that are applicable when a court has admiralty jurisdiction. Thus, simply finding that admiralty jurisdiction exists does not end the inquiry.

[2] In a footnote in its Reply, Fury cites to articles 1910, 1916, and 1915 of the Mexican Civil Code.

otherwise provided any evidence of the content of the cited Code sections. Further, even if the Court, on its own, were to find the contents of the cited Mexican Civil Code sections, Fury has failed to provide any authority that, if Mexican law were applied, the cited provisions of the Mexican Civil Code are the applicable law, as opposed to some other provisions of the Mexican Civil Code or state law from the Mexican state from which the excursion originated or Mexican admiralty law, if such exists.

The Eleventh Circuit has stated that a district court is not required to conduct its own research into the content of foreign law. *Mutual Service Insurance, Co. v. Frit Industries, Inc.*, 358 F.3d 1312, 1321 (11th Cir. 2004). Thus, where "either no information, or else insufficient information, has been obtained about the foreign law, the forum will usually decide the case in accordance with its own local law except when to do so would not meet the needs of the case or would not be in the interests of justice." *Id.* (quoting Restatement (Second) of Conflict of Laws, § 136, cmt. h, at 378-79 (1971)). Here, the information about Mexican law provided by Fury is insufficient. While Fury has provided citation to three sections of the Mexican Civil Code, the text of which the Court was able to obtain on its own, Fury has not provided enough information for the Court to determine whether the cited law is the applicable law under Mexican law. Having failed to establish the applicable Mexican law, the Court cannot determine whether an actual conflict of law exists.

In its reply, Fury also argues that Plaintiff agreed to the application of Mexican law in an Release of Liability and Waiver she executed. However, the validity of that document is the basis of a separate summary judgment motion. Thus, at this point that document cannot serve as the basis for applying Mexican law. Consequently, it is

ORDERED that Defendant's Motion Pertaining to Choice of Law [DE-80] is DENIED.

DONE AND ORDERED in Miami, Florida, this 24th day of July, 2015.

                                              PATRICIA A. SEITZ
                                              UNITED STATES DISTRICT JUDGE

cc: Counsel of Record